UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.:

ERIC STANLEY

    Plaintiff,

v.

IDEAL COLLECTION SERVICES, INC., a Florida corporation

    Defendant.

## COMPLAINT

COMES NOW, the Plaintiff, ERIC STANLEY, and hereby brings this action against Defendant, IDEAL COLLECTION SERVICES, INC., hereinafter "Defendant", for actual and statutory damages for violations under the Fair Debt Collection Practices Act, 15 U.S.C. §1692, *et seq*. (hereinafter the "FDCPA"), and in support thereof alleges as follows:

### JURISDICTION

1. Jurisdiction is conferred on this Court by Title 28 U.S.C. §1331 and §1337(a), and §15 U.S.C. §1692k(d).

2. Declaratory relief is available pursuant to 28 U.S.C. §2201 and §2202.

3. This Court has supplement jurisdiction over the state law claims according to 28 U.S.C. §1367.

### VENUE

4. Venue is proper in the United States District Court for the Southern District of Florida

pursuant to 28 U.S.C. §1391, as the unlawful practices alleged herein took place in Broward County, Florida and the Defendant is a legal entity who transacts business in Broward County, Florida and venue, therefore, properly lies in this Court.

## PARTIES

5. Plaintiff, ERIC STANLEY is an individual residing in the County of Broward, State of Florida, and is a "consumer" as defined by 15 U.S.C. §1692a(3).

6. Defendant, IDEAL COLLECTION SERVICES, INC., is a Florida corporation, and has its principal place of business in Tampa, Florida where it regularly engages the collection of consumer debts and is therefore defined as a "Debt Collector" pursuant to 15 U.S.C §1692a(6).

## BACKGROUND

7. The Fair Debt Collection Practices Act, 15 U.S.C. §1692, et seq. (hereinafter "FDCPA"), was enacted in 1978 to eliminate abusive practices in the collection of consumer debts, to promote fair debt collection and to provide consumers with an means for disputing and obtaining validation of debt information to ensure the information's accuracy.

8. Plaintiff, is alleged to have incurred a financial obligation to La Vue at Emerald Pointe Apartments in the sum of $ 14,683.00.  Such amounts is a "debt" as defined by 15 U.S.C. §1691a(5).

9. On August 31, 2012, Defendant sent Plaintiff a collection notice.  The collection notice informed the Plaintiff that he would be reported to the credit bureaus for his failure to pay the subject debt.

10. The subject debt was never reported to any credit bureau.

11. The notice was prepared and given by the Defendant.

## COUNT I
## CREATION OF A FALSE SENSE OF URGENCY
## VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT
## 15 U.S.C. §1692 et seq.

12. Plaintiff re-alleges and incorporates the allegations contained in paragraphs 1 through 11, herein.

13. Defendant's threat of impending credit reporting against Plaintiff created a false sense of urgency in violation of 15 U.S.C. §1692e.

WHEREFORE, Plaintiff, and those other consumers similarly situated, prays that this Court enter judgment against the Defendant for an award of actual damages pursuant to 15 U.S.C. §1692k(a)(1) against Defendant, statutory damages of $1,000.00 pursuant to 15 U.S.C. §1692k(a)(2)(A), against Defendant, an award of costs of litigation and reasonable attorneys fees pursuant to 15 U.S.C. §1692k(a)(3) against Defendant, and other such relief in the discretion of this Court.

## COUNT II
## DECEPTIVE OR MISLEADING NOTICE
## VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT
## 15 U.S.C. §1692 et seq.

14. Plaintiff re-alleges and incorporates the allegations contained in paragraphs 1 through 11 herein.

15. By containing deceptive and/or misleading language in its August 31, 2012 letter, Defendant violated 15 U.S.C. §1692e(10) as the statements contained in said demand letter would be deceptive or misleading to the least sophisticated consumer with respect

to his legal rights.

WHEREFORE, Plaintiff, and those other consumers similarly situated, prays that this Court enter judgment against the Defendant for an award of actual damages pursuant to 15 U.S.C. §1692k(a)(1) against Defendant, statutory damages of $1,000.00 pursuant to 15 U.S.C. §1692k(a)(2)(A), against Defendant, an award of costs of litigation and reasonable attorneys fees pursuant to 15 U.S.C. §1692k(a)(3) against Defendant, and other such relief in the discretion of this Court.

## JURY TRIAL DEMAND

16. Plaintiff requests a trial by jury pursuant to Rule 38 of the Federal Rules of Civil Procedure.

DATED: January 29, 2013

>                                MILITZOK & LEVY, P.A.
>                                Attorneys for Plaintiffs
>                                The Yankee Clipper Law Center
>                                3230 Stirling Road, Suite 1
>                                Hollywood, Florida 33021
>                                (954) 727-8570 - Telephone
>                                (954) 241-6857 – Facsimile
>                                mjm@mllawfl.com
>
>                                By: /s/ Matthew J. Militzok
>                                MATTHEW J. MILITZOK, ESQ.
>                                Fla. Bar No.: 0153842