UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 13-60217-CIV-COHN/SELTZER

ERIC STANLEY,

    Plaintiff,

vs.

IDEAL COLLECTION SERVICES, INC., a
Florida Corporation

    Defendant.
_____/

**ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION FOR SUMMARY JUDGMENT AND FOR ATTORNEYS FEES AND COSTS; DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT**

**THIS CAUSE** is before the Court upon Defendant's Motion for Summary Judgment and for Attorneys Fees and Costs [DE 10] ("Defendant's Motion") and Plaintiff's Motion for Summary Judgment Against Ideal Collection Services, Inc. [DE 11] ("Plaintiff's Motion") (collectively "Motions").  The Court has carefully considered the Motions, the responses and replies thereto[1], all of the parties' submissions, and is otherwise fully advised in the premises.

I.  BACKGROUND

Plaintiff Eric Stanley ("Plaintiff") filed this action against Defendant Ideal Collection Services, Inc. ("Defendant") on January 29, 2013.  Complaint [DE 1].  On August 31, 2012, Defendant sent Plaintiff a letter regarding a $14,683.00 debt he allegedly owed to La Vue at Emerald Pointe Apartments.  Plaintiff's Statement of

---

[1] The Court notes that Plaintiff failed to file a reply in support of his motion by the deadline of August 8, 2013.

Material Facts [DE 11] ("Plaintiff's Facts") ¶ 3; Defendant's Statement of Material Facts ("Defendant's Facts") [DE 10] ¶ 6.  The letter informed Plaintiff that he would be reported to the credit bureaus if he did not pay the debt within seven days.  Plaintiff's Facts ¶ 4; Defendant's Facts ¶ 5.  Defendant did not report the debt until November 2, 2012.  Plaintiff's Facts ¶ 7; Defendant's Facts ¶ 9.  The Complaint brings claims against Defendant for violation of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692-1692p.  Count 1 alleges that Defendant violated 15 U.S.C. § 1692e because it created a false sense of urgency when it threatened to report Plaintiff to the credit bureaus.  Compl. ¶¶ 12-13.  Count 2 alleges that the August 31, 2012 letter contained deceptive or misleading language in violation of 15 U.S.C. § 1692e(10).  Id. ¶¶ 14-15.  The parties have now cross-moved for summary judgment.

## II.  DISCUSSION

The Court may grant summary judgment "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to a judgment as a matter of law."  Fed. R. Civ. P. 56(c).  The movant "bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of [the record] which it believes demonstrate the absence of a genuine issue of material fact."  Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986).  To discharge this burden, the movant must demonstrate a lack of evidence supporting the nonmoving party's case.  Id. at 325.

After the movant has met its burden under Rule 56(c), the burden of production shifts to the nonmoving party who "must do more than simply show that there is some metaphysical doubt as to the material facts."  Matsushita Elec. Indus. Co. v. Zenith

Radio Corp., 475 U.S. 574, 586 (1986).  The non-moving party "may not rely merely on allegations or denials in its own pleading," but instead must come forward with "specific facts showing a genuine issue for trial."  Fed. R. Civ. P. 56(e); Matsushita, 475 U.S. at 587.

As long as the non-moving party has had an ample opportunity to conduct discovery, it must come forward with affirmative evidence to support its claim. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 257 (1986).  "A mere 'scintilla' of evidence supporting the opposing party's position will not suffice; there must be enough of a showing that the jury could reasonably find for that party."  Walker v. Darby, 911 F.2d 1573, 1577 (11th Cir. 1990).  If the evidence advanced by the non-moving party "is merely colorable, or is not significantly probative, summary judgment may be granted." Anderson, 477 U.S. at 249-50 (citations omitted).

Defendant contends that it is entitled to summary judgment because Plaintiff testified at his deposition that he was not mislead or deceived by Defendant's letter and the letter did not create any false sense of urgency.  Defendant's Motion at 4. Defendant also contends that the time the debt was actually reported is immaterial.  Id. By contrast, Plaintiff argues that he is entitled to summary judgment because the August 31, 2012 letter "is worded in a way that is clearly deceptive to the least sophisticated consumer as it makes a deceptive statement which was designed to create a false sense of urgency in the least sophisticated consumer."  Plaintiff's Motion at 3-4.  Plaintiff also argues that Defendant's letter was deceptive because it only reported him to one credit bureau more than 56 days after they threatened to report him to all credit bureaus. Id. at 5.

The FDCPA prohibits a debt collector from using "any false, deceptive, or misleading representation or means in connection with the collection of any debt."  15 U.S.C. § 1692e.  Section 1692e(10) similarly prohibits "[t]he use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer."  15 U.S.C. § 1692e(10).  The Eleventh Circuit employs the "least-sophisticated consumer" standard to determine whether a debt collector's communication violates 15 U.S.C. § 1692e.  Shuler v. Ingram & Assocs., 441 F. App'x 712, 718 (11th Cir. 2011) (citing Leblanc v. Unifund CCR Partners, 601 F.3d 1185, 1193 (11th Cir. 2010)).  The "least sophisticated consumer" standard analyzes whether a hypothetical least sophisticated consumer would be deceived or misled by the debt collectors's practices.  Jeter v. Credit Bureau, Inc., 760 F.2d 1168, 1175-76 (11th Cir. 1985).  Thus, the sole issue before the Court is whether the August 31, 2012 letter is somehow deceptive to the least sophisticated consumer.

The August 31, 2012 letter provides in pertinent part:

YOUR IMMEDIATE ACTION IS REQUIRED AND YOU ARE HEREBY NOTIFIED:

1. All pertinent information seven (7) days from now will be referred to the NATIONAL CREDIT BUREAUS, and it may remain as part of your credit record for up to seven (7) years.

August 31, 2012 Letter, Exhibit A to Plaintiff's Motion [DE 11-1].  The record is undisputed that Defendant did report Plaintiff's debt, but that the report was not made until November 2, 2012, 63 days after the August 31, 2012 letter.  See Ideal Credit Report, Exhibit C to Defendant's Motion [DE 12-3].  Plaintiff argues that because the Defendant did not intend to report the debt until more than seven days had passed, the

letter created a false sense of urgency in violation of 15 U.S.C. § 1692e.  In support of its Motion, Defendant submitted an affidavit from its president, Shelly Fougerousse, which states that Defendant gave Plaintiff additional time to comply with the letter.  Affidavit of Shelly Fougerousse, Exhibit A to Defendant's Motion [DE 10-1] ¶ 9.  Ms. Fougerousse also conceded that "it can be impossible for Ideal to report a debt on the seventh day."  Id.

Defendant relies on McDougalle v. Collection Associates, Inc., No. 1:11-cv-582-WTL-DML, 2012 WL 3114556 (S.D. Ind. July 31, 2012), for the proposition that the precise time that Defendant actually reported the debt to the credit bureaus is immaterial and does not violate the FDCPA.  See Defendant's Motion at 4-5.  In McDougalle, the plaintiff received a letter which stated that if she did not pay her debt within 60 days, her debt would be reported to a credit bureau, but the defendant did not actually report her debt until 91 days had passed.  2012 WL 3114556, at *1.  The court noted that not every false statement made by a debt collector automatically violates the FDCPA.  Id.  Instead, the issue was "whether the letter is false in some material way."  Id.  The Court found that summary judgment was appropriate for the defendant on the plaintiff's false sense of urgency claim because the plaintiff failed to "articulate any way in which the precise time frame in which the Defendant intended to report her debt to a credit reporting agency was material to her understanding of her rights under the FDCPA."  Id.  The Court finds this reasoning persuasive and adopts it here.

Although Defendant did not report the debt within the seven days referenced in the letter, this omission was immaterial and would not deceive or mislead the least sophisticated consumer.  See  Donohue v. Quick Collect, Inc., 592 F.3d 1027, 1033 (9th

Cir. 2010) (concluding that false but non-material representations are not likely to mislead the least sophisticated consumer and therefore are not actionable under §§ 1692e or 1692f); Hahn v. Triumph P'ships, LLC, 557 F.3d 755, 758 (7th Cir.2009) ("a statement cannot mislead unless it is material, so a false but nonmaterial statement is not actionable" under the FDCPA); Wahl v. Midland Credit Mgmt., Inc., 556 F.3d 643, 645-46 (7th Cir. 2009) ("If a statement would not mislead the unsophisticated consumer, it does not violate the FDCPA even if it is false in some technical sense."); Miller v. Javitch, Block & Rathbone, 561 F.3d 588, 596 (6th Cir. 2009) (concluding that a false but non-material statement is not actionable under § 1692e).  Indeed, as Plaintiff testified during his deposition, when he received the letter, he assumed that Defendant would report him to the credit bureaus.  Excerpts from the Deposition of Eric Stanley, Exhibit D to Defendant's Motion [DE 10-4] at 15:2-8.  Thus, even though Defendant did not actually report Plaintiff's debt within the seven days stated in the letter, Defendant did not violate the FDCPA because the exact time when the debt was reported was immaterial to Plaintiff's understanding of his rights under the FDCPA.  See McDougallie, 2012 WL 3114556, at *1.  Accordingly, Defendant is entitled to summary judgment on Plaintiff's claim that the August 31, 2012 letter violated the FDCPA by creating a false sense of urgency.

     Plaintiff also alleges that the August 31, 2012 letter was deceptive in violation of 15 U.S.C. § 1692e(10) because the letter threatens to report the debt to the national credit bureaus, but Defendant actually only reported his debt to Transunion.  Plaintiff's Motion at 5.  Plaintiff bases his claim that the debt was only reported to Transunion on the fact that the other two national credit bureaus, Equifax and Experian, are not

reporting the debt.  Id.  Plaintiff also alleges, without any record citation, that Defendant could not report the debt to the other two credit bureaus.  Id. at 6; Plaintiff's Facts ¶ 8.  The Court notes that Plaintiff's allegation that Defendant could only report the debt to Transunion is wholly conclusory and unsupported by citation to any record evidence.  The Court, therefore, will disregard this contention.  In rebuttal, Defendant has produced a second affidavit from Shelly Fougerousse which states that Plaintiff's debt was reported to all three credit bureaus and that it does not control whether a debt actually appears on a credit report once it has been reported.  Affidavit of Shelly Fougerousse, Exhibit A to Defendant's Reply [DE 22-1] ¶ 15.  Thus, because the undisputed record before the Court is that Plaintiff's debt was reported to all three credit bureaus, Defendant is entitled to summary judgment on Plaintiff's claim pursuant to 15 U.S.C. § 1692e(10).[2]

Finally, Defendant requests that the Court award it its attorneys fees pursuant to 15 U.S.C. § 1692k(a)(3) because Plaintiff brought this action as a means of delay, in a bad faith attempt to avoid paying his debt.  Defendant's Motion at 6.  Defendant premises this argument on the fact that Defendant falsely testified during his deposition that he had not filed other lawsuits.  Id. at 6-7.  The Court finds that Defendant has failed to establish that *this lawsuit* was brought in bad faith or for harassment.  Accordingly, the Court declines to award Defendant its attorney fees.

---

[2]  The Court notes that in the Complaint, Plaintiff alleged that the debt was never reported to any credit bureau. Compl. ¶ 10.  However, even if Defendant only reported the debt to Transunion, as Plaintiff now appears to contend, for the same reasons discussed above, this failure would be immaterial.  It is undisputed that the debt was reported to at least one national credit bureau and appears on Plaintiff's credit report.

III.  CONCLUSION

Based on the foregoing, it is **ORDERED AND ADJUDGED** as follows:

1. Defendant's Motion for Summary Judgment and for Attorneys Fees and Costs [DE 10] is **GRANTED IN PART AND DENIED IN PART**;

    a. The Motion is **GRANTED** to the extent that Defendant is granted summary judgment on Plaintiff's claims; and

    b. the Motion is **DENIED** to the extent it seeks attorneys fees;

2. Plaintiff's Motion for Summary Judgment Against Ideal Collection Services, Inc. [DE 11] is **DENIED**; and

3. The Court will enter a separate final judgment.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida, this 20th day of August, 2013.

_____
JAMES I. COHN
United States District Judge

Copies provided to counsel of record via CM/ECF